No. 26113

The People of the State of Colorado v.
Edward Rudolph Montoya
(517 P.2d 401)

Decided December 24, 1973.

J. E. Losavio, Jr., District Attorney, Cecil Turner, Deputy,
Donald Hoerl, Deputy, for plaintiff-appellant.

Walter L. Gerash, H. D. Reed, for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an interlocutory appeal by the People under C.A.R. 4.1 from an order granting a motion to suppress the introduction of marijuana in evidence. We affirm.

The marijuana was seized after federal agents and local policemen had broken into defendant's home on September 27, 1972, under an *arrest* warrant. This warrant was issued on September 9, 1972, under a United States magistrate's complaint which charged the defendant with distribution of heroin. The complaint was dismissed by the United States District Court upon motion of the United States Attorney on October 26, 1972. The complaint set forth the following facts: That federal agents on August 25, 1971 (more than a year prior to the issuance of the warrant), searched a confidential informant and found that he had neither narcotics nor money on his person; that they gave the confidential informant some money with which to purchase heroin from the defendant; and that the informant went to the defendant's home and returned with 16 grams of heroin.

There was no evidence presented at the suppression hearing showing any reason for the long delay between the alleged sale of heroin and the issuance and execution of the arrest warrant. The trial court found that about six special agents and local policemen executed the warrant; that defendant was immediately handcuffed and, according to one of the agents, an immediate "general search" of a bedroom was commenced; and that no testimony was presented as to acts of the defendant between August 1971 and September 1972. The court concluded:

"The Court finds that the arrest of defendant under a warrant issued thirteen months after the incident for which the arrest was made was a mere pretext for the search. The search to be valid must be incidental to the arrest, not vice-versa. The search here conducted was not incidental to

the arrest. See *Carlo v. United States,* 286 F.2d 841, *Taglavore v. United States,* 291 F.2d 262, *Williams v. United States,* 418 F.2d 159."

We affirm the court in its conclusion that the arrest was a mere pretext for the search. There had been a delay of more than a year between the occurrence of facts which formed the basis for an arrest warrant and the issuance of the warrant. Such delay casts a duty upon the People to give a satisfactory explanation for the lapse of time when the People seek to use the arrest warrant as a justification for a search allegedly incidental to the arrest. This was the holding of *United States v. James,* 378 F.2d 88 (6th Cir. 1967), where there had been an unexplained delay of 3 1/2 months. *See* the cases cited by the trial court above and *United States v. Harris,* 321 F.2d 739 (6th Cir. 1963).

It is not necessary to reach the other questions argued.

Ruling affirmed.